Dear Mr. Torres:
You have asked for our opinion on the following issue:
 Whether a full-time employee with one state agency holding a part-time position with another state agency must be placed in overtime pay status or may that individual be classified as a part-time employee of the other state agency for the purposes of the Louisiana State Employees' Retirement System?
This concern arises out of a recent decision by the Department of Civil Service concerning an employee in a full-time position in the Department of Natural Resources. That individual was also holding a part-time position with the Department of Civil Service. Civil Service determined that this part-time employment was in overtime status. Their reasoning is that the State is a single employer for the purposes of wage payments.
You state that to classify an employee in this manner would directly affect your membership since part-time compensation may be included in a member's compensation for retirement benefits but overtime compensation is not considered in this computation.
Louisiana State Employees' Retirement System (LASERS) is established and empowered by LSA-R.S. 11:401 et seq. The definitions provided in LSA-R.S. 11:403 give us guidance in answering your question.
For the purposes of LASERS, an "employee" means any person legally occupying a position in state service. LSA-R.S.11:403(11). "Position" is defined as "any office or any employment in the state service." LSA-R.S. 11:403(21). LSA-R.S.11:403(28) defines "state service" as "the type of agency service performed by its employees, elected officials and appointed officials, who are members of the system or the type of agency service approved by the board." Finally, "agency" means any governmental body employing persons and includes departments, agencies, boards, commissions, and courts. LSA-R.S. 11:403(4).
These definitions imply a division along agency and department lines for the purposes of employment status under LASERS. The fact that an "agency" means any governmental body employing persons and includes departments within its meaning gives strong credence to this view.
Moreover, the treatment of a position held by an employee is of a singular nature. Any other conclusion inferring that full-time employment in one agency and part-time employment in another are the same "position" for the purposes of LASERS would be in contravention of what appears to be the intent of the pertinent statutes.
Finally, LSA-R.S. 11:403(28) authorizes the LASERS board to approve what constitutes state service. Therefore, for the purposes of LASERS, the ultimate determination lies with the Board of Trustees of LASERS in this matter. From our reading of the law, nothing mandates them to conclude that a full-time employee in one agency working a part-time position in another agency must be placed in overtime pay status for the part-time service in order to determine the member's compensation for retirement.
Note that this opinion is limited in scope to LASERS and in no way questions or rejects the determination by the Department of Civil Service in this matter. Their conclusion was made for the purposes of the Department of Civil Service alone and does not have any effect on LASERS.
I hope this sufficiently addresses your concerns. If our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb